UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 6:24-cr-00194-MC |
| v. | INFORMATION |
| DARLA K. BYUS, | 18 U.S.C. §§ 1347 and 1028A and 2 |
| | 26 U.S.C. § 7206(1) |
| Defendant. | Forfeiture Allegation |

THE UNITED STATES ATTORNEY CHARGES:

At all times material to this Information:

GENERAL ALLEGATIONS

Oregon Health Authority Medicaid Program and Medicare

1.  The Oregon Health Authority (OHA) Medicaid Program (Medicaid) is administered by the State of Oregon. Medicaid is a "federal health care benefit program" as defined by 18 U.S.C. § 24(b). Medicaid helps to pay for reasonable and medically necessary services for individuals who are deemed eligible under state low-income programs.

2.  The United States Department of Health and Human Services ("HHS"), Centers for Medicare and Medicaid Services ("CMS") partially funds Medicaid through a matching grant. The percentage of the grant varies from year to year but averages around fifty one percent for the state of Oregon.

3. Medicaid will only pay for treatment and services, including diagnostic and laboratory tests, which were considered medically necessary, performed within accepted medical standards, and were rendered for a legitimate medical purpose. Medicaid prohibits payment for items and services that are not reasonable and necessary for the diagnosis and treatment of an illness or injury.

4. In order to receive payment from Medicaid for a covered service, a provider must submit or cause the submission of a claim to Medicaid, either directly or through a third-party billing company.

5. All Medicaid claims are required to set forth, among other things, the beneficiary's name and unique Medicaid Medicare identification number, the date of the service, the type of service provided, the billed amount of the services provided, and the name and identification number of the rendering provider and/or company.

## Choices Recovery Services

6. The Defendant **DARLA K. BYUS** owned and operated Choices Recovery Services, LLC ("CRS"), located in Prineville, Oregon, since approximately 2012 to provide drug and/or alcohol related counseling services. CRS was enrolled as an OHA Medicaid Provider.

### A. False Claims for Services Not Rendered to Clients of CRS

7. Defendant submitted and/or caused claims to be submitted to Medicaid for services that were not rendered to CRS clients. These services included false claims that CRS was providing drug and/or alcohol related counseling services to clients, when in fact they were not.

/ / /

**B.    False Claims for Services Not Rendered to Individuals Using Stolen Identities**

8.    In some instances, Defendant submitted and/or caused claims to be submitted to Medicaid for services that were not rendered to Medicaid recipients who were not ever clients of CRS and had no knowledge of CRS.  Defendant utilized her access to Medicaid computer systems to obtain names, dates of birth, Medicaid Identification numbers, as well as other information.

9.    Some individuals were people known to Defendant or others working with the Defendant.

10.    Other individuals were people identified by searching online jail roster websites, to include arrest.org.   After identifying individuals who had recently been arrested for drug and or alcohol related offenses Defendant accessed the OHA Medicaid Program Medicaid Management Information System (MMIS Provider Portal to determine if the identities were OHA Medicaid Program Recipients.  Upon determining the individuals OHA Medicaid Program eligibility, Defendant submitted "back dated" claims fraudulently claiming that Defendant provided Drug and/or Alcohol related counseling services.  In order to submit these claims Defendant utilized individuals' names, dates of birth and OHA Medicaid Program Recipient Numbers without authorization.

11.    For example, on October 9, 2020, CRS submitted a fraudulent claim for $850 for services allegedly provided to T.M. using T.M.'s name, date of birth, and OHA Medicaid Program Recipient number.  CRS was paid $810 based on the fraudulent claim.  T.M. was interviewed by law enforcement officers related to this investigation.  T.M. never received treatment services at CRS and never heard of Defendant.  T.M. did not authorize Defendant to

possess or utilize any of T.M,'s identifying information.  In total, CRS was paid $63,353 for fraudulent claims related to T.M. using T.M.'s identity information.

### C.     Fraudulent Billing

12.     Defendant used the stolen identities of at least 45 victims to make numerous fraudulent healthcare related claims to the OHA Medicaid Program.  At least 15 of the victims were identified by Defendant by searching online jail roster websites, to include arrest.org.

13.     Defendant submitted or cause to submit claims billing the OHA Medicaid Program for services that were never provided to CRS beneficiaries.  Defendant used CRS to fraudulently bill the OHA Medicaid Program for at least $1,582,877 in services that were never rendered starting on or about January 2, 2019, continuing through August 31, 2021.  These fraudulent claims caused the OHA Medicaid Program to wire over $1.5 million in fraudulent proceeds into CRS's Oregonians Credit Union bank account.

### D.     Financial Gains

14.     Defendant used fraudulent Medicaid funds to purchase the following four properties and to fund her gambling activities:

   a) 967 NW 2nd Street, Prineville, Oregon 97754
   b) 280 NE 4th Street, Prineville, Oregon 97754
   c) 24121 SE Paulina Highway, Prineville, Oregon 97754
   d) 131 N. Canyon Blvd., John Day, Oregon 97845

15.     Defendant signed under penalty of perjury and filed with the IRS a U.S. Individual Income Tax Return, Form 1040, for tax years 2016 and 2017 reporting minimal income from wages.  For tax years 2018 through 2020, Defendant failed to file any U.S. Individual Income Tax Return.  Defendant also failed to report income from her business Choices Recovery Services, LLC for tax years 2016 through 2020.

16. From 2016 through 2020, Defendant underreported her income by over $1.3 million and willfully filed false tax returns for the 2016 and 2017 tax years. When considering the Defendant's filed tax returns and additional W-2 Withholdings, the total remaining tax due and owing for the years 2016 through 2020 is $450,438.

17. Defendant also excluded all income received from Medicaid from her Federal income tax returns for years 2016 and 2017. Defendant did not file Federal tax returns for 2018 through 2020 and therefore did not report any income from Medicaid for those years.

## COUNT 1
## Health Care Fraud
## (18 U.S.C. § 1347)

The allegations set forth in paragraphs 1 through 17 are realleged here as fully set forth herein.

From on or about January 2, 2019, to August 31, 2021, in the District of Oregon, Defendant **DARLA K. BYUS**, knowingly and willfully executed and attempted to execute a scheme and artifice to defraud, as to material matters, health care benefit programs, as defined in 18 U.S.C. § 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money owed by and under the custody and control of health care benefit programs, in connection with the delivery and payment for health care benefits, items, and services in violation of Title 18, United States Code, Section 1347.

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 2
## Aggravated Identity Theft
## (18 U.S.C. § 1028A and 2)

The allegations set forth in paragraphs 1 through 17 are realleged here as fully set forth herein.

On or about October 9, 2020, in the District of Oregon, the Defendant **DARLA K. BYUS**, did knowingly transfer, posses, or use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit health care fraud, knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Sections 1028A and 2.

## COUNT 3
### Making and Subscribing a False Tax Return
### (26 U.S.C. § 7206(1))

The allegations set forth in paragraphs 1 through 17 are realleged here as fully set forth herein.

That on or about April 15, 2018, in the District of Oregon, **DARLA K. BYUS**, a resident of Prineville, Oregon, did willfully make and subscribe U.S. Individual Income Tax Return, Form 1040, for tax year 2017, which was verified by a written declaration that it was made under the penalties of perjury and which **DARLA K. BYUS** did not believe to be true and correct as to every material matter.  That U.S. Individual Income Tax Return, Form 1040, for tax year 2017, which was electronically filed with the Internal Revenue Service, stated her taxable income was $0, whereas, as **DARLA K. BYUS** knew she had failed to disclose income from her business that resulted in a taxable income of $14,278 and a tax due and owing to the Internal Revenue Service of $3,795.

In violation of Title 26, United States Code, Section 7206(1)

/ / /

/ / /

/ / /

**INFORMATION** **Page 6**

## **FORFEITURE ALLEGATION**

Upon conviction of the offense alleged in Count One of the Information, the Defendant, **DARLA K. BYUS**, shall forfeit to the United States, any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

1. Unrecovered Cash Proceeds and/or Facilitating Property. The Defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the Defendants used to facilitate the offense, but based upon actions of the Defendant, the property was transferred, diminished, comingled, or is otherwise unavailable. The Defendant obtained and controlled at least $1,582,877 in unrecovered forfeitable property.

2. Substitute Assets. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the Government will seek forfeiture of substitute assets, "or any other property of the Defendant" up to the value of the Defendant's assets subject to forfeiture. The Government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty.

/ / /

Dated: May 13, 2024.

                                            Respectfully submitted,

                                            NATALIE K. WIGHT
                                            United States Attorney

                                            */s/ Joseph H. Huynh*
                                            JOSEPH H. HUYNH, DC #495403
                                            Assistant United States Attorney